UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOHN K. VINCENT, JR. § | | CIVIL ACTION NO: |
| § | | |
| *Plaintiff* § | | 3:21-cv-00179 |
| v. § | | |
| § | | |
| THOR MOTOR COACH, INC. § | | |
| § | | |
| *Defendant* § | | JURY TRIAL REQUESTED |

## COMPLAINT

I.  Parties

1. Plaintiff, JOHN K. VINCENT, JR., has been at all times material hereto a citizen of Baton Rouge, State of Louisiana.

2. Defendant, THOR MOTOR COACH, INC., hereinafter "THOR," is a citizen of Indiana and an Indiana corporation authorized to do and doing business in the State of Indiana with its principal place of business located in Elkhart, Indiana and is a warrantor of the recreational vehicle that Plaintiff purchased and is a merchant in goods of the kind involved in this case.

THOR's agent for service of process is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204, USA.

II.  Jurisdiction

3. This court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiff's

state law claims because said claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

4. Venue is proper in this district under 28 U.S.C. §1391(a)(3) because the Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought

### IV. Conditions Precedent

5. All conditions precedents have been performed or have occurred.

### V.  Facts

#### A.  The Transaction

6. On October 23, 2020, Plaintiff purchased a new 2020 THOR HURRICANE bearing VIN 1F66F5DY2K0A22951, hereinafter "HURRICANE," from CAMPING WORLD RV SALES. The HURRICANE was purchased primarily for Plaintiff's personal use in the State of Louisiana. The sales contract was presented to Plaintiff at the dealership and was executed at the dealership. The HURRICANE was licensed and registered in the State of Louisiana and CAMPING WORLD RV SALES paid Louisiana sales tax out of the sales proceeds.

7. The sales price of the HURRICANE was $115,411.59.

8. Plaintiff is also entitled to an award for non-pecuniary damages under La. Civil Code Articles 1998 in the amount of $50,000.00. See ***Beasley v. Ed's MobileHomes, Inc.***, 01-1549 (La. Ct. App. 3 Cir. 4/17/02), 824 So.2d 383, writ denied, 02-1408 (La. 9/20/02), 825 So.2d 1170.

#### D.  Actionable Conduct

9. In fact, when delivered, the HURRICANE was defective in materials and

-2-

workmanship, with such defects being discovered within the warranty periods. Many defective conditions have occurred since purchase, including, but not limited to, the defects, non-conformities and conditions as follows:

**A.     RUST AND CORROSION;**

**B.     WATER LEAKS; and**

**D.     ANY AND ALL DEFECTS, NON-CONFORMITIES AND CONDITIONS LISTED IN REPAIR ORDERS.**

10. Since purchase, Plaintiff has returned their HURRICANE to Defendant and authorized warranty service dealers for repairs on numerous occasions. Despite this prolonged period during which Defendant were given the opportunity to repair the HURRICANE, the more significant and dangerous conditions were not repaired. Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein. From the date of its purchase, the HURRICANE continues to this day to exhibit some or all of the non-conformities described herein.

10. The defects experienced by Plaintiff with the HURRICANE substantially impaired its use, value and safety.

11. Plaintiff notified Defendant and each of them of the defective conditions of the HURRICANE on numerous occasions. Plaintiff notified Defendant that they wanted a rescission of the sale of the HURRICANE but Defendant have failed and refused to buy back Plaintiff's defective HURRICANE.

12. The HURRICANE is a "thing" under La. Civil Code Articles 2520, et seq.

13. THOR is a "manufacturer" under La. Civil Code Articles 2520, et seq.

14. CAMPING WORLD RV SALES is a "seller" under La. Civil Code Articles 2520, et

seq.

15. Plaintiff is a "buyer" under in La. Civil Code Articles 2520, et seq.

16. The defects described in the HURRICANE meet the definition of a redhibitory defect as defined in La. Civil Code Articles 2520, et seq.

17. Plaintiff has provided the Defendant sufficient notice and opportunity to repair his defective vehicle.

18. Plaintiff has performed each and every duty required of her under Louisiana Redhibition Laws, except as may have been excused or prevented by the conduct of the Defendant, as herein alleged.

19. The hidden defects, non-conformities and conditions in the HURRICANE existed at the time of sale, but were not discovered until after delivery. Neither Plaintiff nor a reasonable prudent buyer would have purchased the HURRICANE had she known of the defects prior to the sale.

20. Furthermore, the Defendant has failed to repair the HURRICANE which constitutes a breach of the implied warranties of redhibition, and entitles Plaintiff to a rescission of the sale, return of the purchase price, plus all collateral costs of the sale, finance charges, insurance premiums, out of pocket expenses, and non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.

21. Under Louisiana Redhibition laws, Plaintiff is entitled to recover a sum equal to the aggregate amount of attorney fees, costs and expenses, if Plaintiff prevails. As a proximate result of Defendant's misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiff to employ the legal services of Richard C. Dalton. Plaintiff has incurred and continue to incur legal fees,

costs and expenses in connection here within.

## VI. Prayer for Relief

22. For these reasons, Plaintiff pray for judgment against the Defendant for the following:

   a. For general, special and actual damages according to proof at trial;

   b. Rescinding the sale of the 2020 THOR HURRICANE bearing VIN 1F66F5DY2K0A22951 and returning to Plaintiff the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

   c. For incidental and consequential damages according to proof at trial;

   d. Out-of-pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

   e. Any diminution in value of the HURRICANE attributable to the defects;

   f. Past and future economic losses;

   g. Non-pecuniary damages under Louisiana Civil Code Articles 1998, et seq.;

   h. Prejudgment and post-judgment interest;

   i. Attorney fees;

   j. Costs of suit, expert fees and litigation expenses; and

   k. All other relief this Honorable Court deems appropriate.

## VII. Demand for Jury Trial

23. Plaintiff hereby demands trial by jury to the extent authorized by law.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520
rick@rickdaltonlaw.com
Tel. (337) 371-0375

ATTORNEY FOR PLAINTIFF